IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Ryan O'Neal Lansdowne, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:13cv968 (TSE/IDD) |
| | ) | |
| Eric Wilson, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Ryan O'Neal Lansdowne, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his sentence. Petitioner has paid the statutory filing fee for this action. For the reasons that follow, this petition must be construed as a successive motion to vacate pursuant to 28 U.S.C. § 2255 and dismissed for lack of jurisdiction, without prejudice to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing the Court to consider his claim.

### I. Background

On May 24, 2000 a ten-count indictment was returned in United States District Court for the Eastern District of Virginia, charging petitioner with drug offenses. On August 3, 2000, petitioner entered a negotiated plea of guilty to Count One of the indictment, which charged him with engaging in a conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846. On October 20, 2000, petitioner was designated a career criminal pursuant to U.S.S.G. § 4B1.1, and was sentenced to serve 292 months in prison, followed by ten (10) years of supervised release.

On March 9, 2009, petitioner, through counsel, moved for reduction of his sentence pursuant to 18 U.S.C. § 3582 on the ground that the United States Sentencing Commission had amended U.S.S.G. §2D1.1 to lower the offense levels for crack cocaine and the amendment was retroactive to March 3, 2008. Petitioner's motion was granted on April 9, 2009, and his sentence reduced to 262 months. That decision was affirmed on appeal. United States v. Lansdowne, 349 Fed. App'x 862, 2009 WL 3493024 (4th Cir. Oct. 20, 2009).

Thereafter, on January 12, 2011, petitioner submitted a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense, arguing that he was entitled to a further sentence reduction. On January 28, 2011, he also filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing that counsel had rendered ineffective assistance in the first § 3582 proceeding by failing to seek a further reduction in sentence. Both motions were denied. United States v. Lansdowne, et al., 1:00cr185 (E.D. Va. Aug. 4, 2011)(Order). In an unpublished opinion issued March 20, 2012, the Fourth Circuit affirmed the denial of the motion for reduction of sentence, and dismissed the appeal as it pertained to the § 2255 motion, holding that petitioner had not made the requisite showing for a certificate of appealability. United States v. Lansdowne, 469 Fed. App'x 234, 2012 WL 924752 (Mar. 20, 2012).

On August 29, 2012, petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, arguing that based on the decisions in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577 (2010) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), his June 19, 1997 Prince William County conviction — which was one of the predicate offenses relied on to designate him as a career criminal under U.S.S.G. § 4B1.1 — no longer qualified as a valid predicate offense for that status, and hence he claimed he was actually innocent of the career criminal designation. By Memorandum Opinion and Order entered October 3, 2012, the

petition was construed as a successive motion for relief under § 2255, and was dismissed without prejudice to petitioner's ability to seek certification of his claim as provided in 28 U.S.C. § 2244 from the Fourth Circuit Court of Appeals.

Lansdowne filed the instant § 2241 petition on July 29, 2013,[1] arguing that he must be resentenced pursuant to Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013) because he is "actually innocent" of the sentence enhancement that was applied pursuant to 21 U.S.C. §851. Pet., attached pages at 1.

## II. Applicable Law

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255."). The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for § 2255 federal habeas corpus relief by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Now, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he demonstrates that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." 28

---

[1] Pleadings submitted to a federal court by a prisoner are deemed filed when properly delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988). Pet. at 10.

U.S.C. § 2255 (e).[2] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 . Nonetheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted). Thus, a federal inmate may proceed under § 2241 to challenge his conviction or sentence "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008).

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

### III. Analysis

In this case, petitioner cannot satisfy the Jones criteria, because he relies on a new

---

[2] "This 'inadequate and ineffective' exception is known as 'the savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671 at *3 (E.D. Va. Apr. 12, 2012) (Ellis, J.) (quoting In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

procedural rule rather than a change in the substantive law. As a result, his resort to § 2241 is foreclosed. "New substantive rules generally apply retroactively. [Such rules] include[] decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004) (citations omitted). On the other hand, "[n]ew rules of procedure ... generally do not apply retroactively" to cases on collateral review. Id. at 352; see also, United States v. Morris, 429 F.3d 65, 69 (4th Cir. 2005). That is so because new rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. In contrast to a substantive rule which alters "the range of conduct or the class of persons that the law punishes," id. at 353, a procedural rule "merely regulates 'the manner of determining the defendant's culpability.'" United States v. Powell, 691 F.3d 554, 558 (4th Cir. 2012) (quoting Schriro, 542 at 353).

Here, the requirement announced in Alleyne that any fact that increases the mandatory minimum sentence for an offense must be submitted to the jury prescribes the manner in which a sentence is to be computed, but it does not alter the range of conduct or the class of persons subject to criminal punishment. As such, it is a procedural rather than a substantive change in the law. See generally, Powell, 691 F.3d at 559-60. This conclusion is borne out by myriad decisions from all of the circuit court of appeals which have concluded that United States v. Booker, the immediate predecessor to Alleyne in the progressive extension of the Apprendi doctrine, see n. 2, supra, announced a procedural rule and hence does not apply retroactively to cases on collateral review. United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005). Moreover,

the Fourth Circuit has squarely stated in at least one decision that the § 2255 savings clause does not apply to petitioners who challenge only their sentences. Poole, 531 F.3d at 267 n. 7.

## IV. Conclusion

Accordingly, because petitioner's claim falls outside the § 2255 savings clause, he may not proceed under § 2241. Instead, the instant application must be construed as a successive motion for relief under § 2255. As such, the motion may not be brought unless certified as provided in 28 U.S.C. § 2244 by a panel of the Fourth Circuit Court of Appeals. Because no such certification has been sought or granted, this petition must be dismissed for lack of jurisdiction, without prejudice to petitioner's ability to seek such certification from the United States Court of Appeals for the Fourth Circuit. An appropriate Order shall issue.

Entered this 22d day of October 2013.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge